Nash, J.
 

 We think his Honor erred. The record of the case was not in evidence before the jury and could
 
 *122
 
 not be. It neither proved nor had it a tendency to prove any issue, which was or could be submitted to the jury With the motives of the plaintiff in removing his case to the County of Lincoln, they had nothing to do. It would be a rare thing, that the law has authorized a party to remove a case, for the purpose of procuring a fair and impartial trial, if this, liberty, which the law secures to him, is to operate the very evil the law intended to remedy. For what purpose was the fact of the removal brought to the notice of the jury ?
 
 The
 
 counsel told them, to show them, that the plaintiff was not willing to be tried by those who knew him. If this was a case, in which the plaintiff’s character was in issue, the law has pointed out how it is to be proved ; certainly not in this way. The remarks of the defendant’s counsel were irrelevant and not supported by any testimony in the case, and the only effect they were calculated to have was to mislead the jury. The Court ought to have stopped the counsel, or, if he did not think proper to interrupt the course of his remarks^ always an unpleasant duty, he ought to have instructed the jury to lay them aside entirely in making up their verdict. This, however was not done, but by ruling, that the record was in evidence, and that the counsel had a right to remark upon it, the Judge added the sanction and weight of his authority. In this we think he erred. The judgment must be reversed and a
 
 venire de ■novo
 
 awarded.
 

 Per Curiam.
 

 Judgment réversed and
 
 venire, de novo.